UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**LAWAUN MONTEZ COLVIN**                                                                                        **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 5:23-CV-P142-JHM**

**K.S.P. OFFICER JIMMIE WILSON**                                                                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow one claim to proceed, dismiss Plaintiff's other claims, and allow Plaintiff the opportunity to amend the complaint.

**I.**

Plaintiff Lawaun Montez Colvin is incarcerated as a convicted prisoner at Kentucky State Penitentiary (KSP). Plaintiff sues KSP Officer Jimmie Wilson in both his official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On July 4th 2023 at [KSP] between the time of 9:00 pm to 10:00 pm on the walk of 14 right, 3 cell house I was assaulted and restrained. While in handcuffs and leg shackles, I was slammed on my head and with several attempts Lt. Jimmie Wilson try to put me in a headlock. When that didn't work, he wrapped his hand around my neck in an attempt to strangle me. As additional officers arrived to the contact, I was lifted off the floor and placed up against the wall. As I was up against the wall Lt. Wilson attempted to wrap his head around my back again and the [] officers stopped him. As this altercation happen my life flashed before my eyes. With Lt. Wilson making threats saying "I'll kill you, you f*cking n*gger." With his hands wrapped around my neck, I thought it was the end. These facts I've written show my rights were violated with the use of force while I was in full restraint.

After the incident, when I was brought back to the cell I was housed at [], I was placed on property restriction and my mat was taking and laid on the walk. I didn't

get my mat back til 24 hours later . . . . And that shows the cruelty and unusual punishment I endured through the whole ordeal.

. . . .

On July 6th, I was escorted to the shower & July 7 when I was escorted to court, officers made me wear a spit mask. Also, on September 1, I had another court date when the officers made me wear the spit mask. When I asked the officers, "Why do I have to wear a spit mask?" The answer was "since you spit on people.' Me being clueless of who I have spit on because I've never received a disciplinary report or write up . . . . This shows how I've been defamed and slandered and how they used false statements to cover or try to cover up an assault while I was in full restraints, hand cuffs, and leg shackles.

. . . I've been housed in RHU (seg) for three years dealing with the abuse of authority and excessive force. These past few years I've had family to support to help me with this depression and encourage me and motivate me to get out of seg so I can get a visit. Due to the lack of communication its been depressing of its own . . . . With being in RHU its been causing severe psychological problems for me and also been stressful to the point of serious depression. . . . corrections lack to meet the needs of mental health patients and means of progressive treatment . . . .

As relief, Plaintiff seeks damages, release from illegal detention, and "to get help by treatment for my mental health issues."

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

3

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant Wilson

Plaintiff sues Defendant Wilson in both his official and individual capacities. Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendant Wilson is a state official. When state officials are sued in their official capacities for monetary damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim). State officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. at 169 ("Th[e] Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). For these reasons, Plaintiff's official-capacity claim against Defendant Wilson will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from a Defendant who is immune from such relief.

Based on Plaintiff's allegations, <u>the Court will allow an Eighth Amendment excessive-force claim to proceed against Defendant Wilson in his individual capacity</u>. In allowing this claim to proceed, the Court passes no judgment on its merit or the ultimate outcome of this action.

### B. Release from Incarceration

As to Plaintiff's request that he be released from incarceration, Plaintiff cannot obtain such relief in a § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his

physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's request for release must also be dismissed for failure to state a claim upon which relief may be granted.

### C. Remaining Claims

As to Plaintiff's other allegations, Plaintiff does not allege that Defendant Wilson was responsible for these alleged wrongs. Thus, they must be dismissed for failure to state a claim upon which relief may be granted. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for failure to state a claim against defendants in their individual capacity where plaintiff did not allege which of the named defendants were personally responsible for each claimed violation of the plaintiff's federal rights); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (holding that a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights).

However, the Court will provide Plaintiff the opportunity to file an amended complaint in which he names as Defendants the KSP officials who committed these alleged constitutional wrongs. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) [of the Federal Rules of Civil Procedure,] a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### IV.

For the foregoing reasons, **IT IS ORDERED that Plaintiff's official-capacity claim against Defendant Wilson is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1),(2) for failure to state a claim upon which relief may be granted and for seeking damages from a Defendant**

immune from such relief and that all claims unrelated to the excessive-force incident are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

If Plaintiff chooses to file an amended complaint, **IT IS ORDERED that he file it within 30 days** of entry of this Memorandum Opinion and Order and name as Defendants any KSP official(s) who allegedly violated his constitutional rights based upon the allegations set forth in the complaint. In the amended complaint, Plaintiff should 1) describe each new Defendant's allegedly wrongful actions; 2) sue each new Defendant in his/her individual capacity; and 3) complete a summons form for each new Defendant.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and the instant case number written in the caption. The **Clerk of Court** shall also send Plaintiff four blank summons forms with the instant case number.

If Plaintiff files an amended complaint within the time allotted, the Court will review it pursuant to § 1915A, determine whether any additional claims should proceed, and then enter a Service and Scheduling Order.

If Plaintiff fails to file an amended complaint within the time allotted, the Court will enter a Service and Scheduling Order to govern the development of Plaintiff's continuing Eighth Amendment excessive-force claim against Defendant Wilson.

Date: December 20, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant Wilson
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011